## AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK, v. JACOB A. MORROW.

### FILED FEBRUARY 6, 1895.     No. 5885.

**Insurance**: MORTGAGE ON INSURED PROPERTY: WAIVER: IN-STRUCTIONS. Where there were proofs which tended to show the existence of a mortgage on property when it was insured, and that there was such knowledge of the existence of such mortgage as tended to show a waiver of that condition of the policy which rendered its provisions void if there existed a mortgage when such policy issued, *held* erroneous for the district court, after summarizing what facts might be deemed a waiver of such existing mortgage, to state that, if these facts were established, the provision of the policy as to incumbrance was eliminated therefrom, when there had been proof of a mortgage having been made after the policy had been issued, in respect to which mortgage the condition of the policy as to the forfeiture was by its terms just as applicable as to an existing mortgage.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Adams & Scott,* for plaintiff in error.

*J. L. Caldwell* and *W. S. Hamilton, contra.*

RYAN, C.

The defendant in error recovered a judgment against the plaintiff in error in the Lancaster county district court on account of damages occasioned by fire to the insured household goods and other personal property of the defendant in error. The policy was dated January 21, 1891, the fire was on May 20, following. The duly authorized agent of the insurance company was W. I. Fryar, who, by an offer of fifteen per cent commission upon premiums, had induced L. Marshall to solicit insurance for him, and among other risks to secure that of defendant in error. Among

other defenses urged was one which in this connection may readily be disposed of, and that defense was that part of the property for the damage of which a claim is made was never owned by the insured.   There was a note given for a certain sum of money due on the purchase price of a piano, in which note it was stipulated that the ownership of the piano should be held by the payee until the full payment of said note.   This note, however, was dated May 11, 1891, and no recovery was sought for damages in respect to the aforesaid piano.   As was done in the district court, therefore, this musical instrument may now be dismissed from consideration.

Complaint is made that proof was permitted that with knowledge of the existence of a chattel mortgage the policy in question was issued by the agent of plaintiff in error. No assignment was made of this in the petition in error, and it therefore is entitled to no consideration.   When this mortgage fell due the defendant in error was unable to pay the sum secured by it, and thereupon Mr. Marshall paid it, and for the amount paid took another mortgage on the property previously mortgaged as well as insured.   By answer the plaintiff in error had pleaded the conditions of the policy by virtue of which the existence of a mortgage at the time the policy was issued, or the making of a mortgage subsequently, without the consent of the insurer, avoided the liability of plaintiff in error, and by averments had entitled itself upon corresponding proofs to a release from liability by reason of the existence of a mortgage thereon when the property was insured and also by reason of a mortgage subsequently made on the same property. The relation of these mortgages to each other, in the light of the evidence, has already been stated.   The effect of a waiver as to the first was described to the jury in the following instructions:

" 4.  You are instructed that said provision in said policy is valid, binding on plaintiff, and that a violation thereof by

plaintiff before loss is sufficient to avoid liability on defendant's part under said policy for damages by fire to property insured thereunder, providing that said provision was at the time of said fire one of the conditions of said policy.   In this connection you are instructed that if you find from the evidence that the witness Marshall, while acting as the agent of W. I. Fryar, the defendant's agent at Lincoln, Nebraska, and while engaged in the business of soliciting fire insurance for defendant company, applied to plaintiff to insure his furniture in defendant company, and if you find from the evidence that the plaintiff then stated to said Marshall that his furniture was incumbered by chattel mortgage, and if you find from the evidence that said Marshall so informed defendant's agent, Fryar, at or prior to the time said policy was issued to the plaintiff, then, if you so find, said notice to defendant's agent, Fryar, of such incumbrance was notice to defendant, and you are instructed that, if you so find, then defendant is in law held to have waived said condition, to have eliminated the same from the policy, and would, if you so find, constitute no defense to this action.

"5.  If you find from the evidence that witness Marshall received the $13 premium for the policy of insurance sued on by him soliciting from plaintiff, for defendant company, although said Marshall may not have signed said policy as agent, or if you find from the evidence that said Marshall directly or indirectly made or caused to be made on policy or contract of insurance sued on in this action, then you are instructed that the statute of this state, if you so find, makes said Marshall, to all intents and purposes, the agent of the defendant, and you are instructed that if you so find, then notice by plaintiff to said Marshall of such mortgage incumbrance on said property insured, made and given prior to the issuance of said policy, is notice to defendant, and if you so find, then said provision as to incumbrance was eliminated from said policy, and would constitute no defense to this action."

In the fourth instruction quoted it might with much plausibility be urged that the expression, "then defendant is in law held to have waived said condition, should be considered as but repeated in the expression," "to have eliminated the same from the policy," which immediately follows, and that, therefore, the instruction amounted simply to a statement that the issuing of a policy with knowledge by the agent of the insurer of the existence of a mortgage was a waiver of the right of the principal to insist on this defense. In the fifth instruction, however, the rule as to waiver of an existing mortgage by the issue of a policy by an agent of the insurer having knowledge of the existence of such mortgage was distinctly stated, and this was followed by the general instruction that if the jury find these facts established by the evidence, "then said provision as to an incumbrance was eliminated from the policy, and would constitute no defense to this action." Amplification is not required to show that although the insurance company might waive the right to object to an existing mortgage, this would not of necessity "eliminate" this protective provision as against another mortgage subsequently made. For the error pointed out in respect to the effects of proof of a waiver of the provision as to a forfeiture on account of an existing mortgage, the judgment of the district court is

REVERSED.